

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Veasy | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. **18    2457** |
| Ferguson, et. al. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    **2254**    (☒)

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.    (☐)

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (☐)

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.    (☐)

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court. (See reverse side of this form for a detailed explanation of special
  management cases.)    (☐)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (☐)

| | | |
|---|---|---|
| JUN 1 2 2018 | Daniel McComb | |
| **Date** | **Deputy Clerk** | **Attorney for** |
| | | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

**18    2457**

Address of Plaintiff: _PO Box 244, Graterford, PA 19426_

Address of Defendant: _____

Place of Accident, Incident or Transaction: _Philadelphia_

---

**RELATED CASE, IF ANY:**

Case Number: _04 - 2719_    Judge: _Joyner_    Date Terminated: _12 / 16 / 04_

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _06/12/2018_    _Daniel McComb_    _____
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☑ 8. Habeas Corpus  2254
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify): _____*

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Eastern District of Pennsylvania | |
|---|---|---|
| Name (under which you were convicted): <br> Willie Veasy | | Docket or Case No.: <br> **1 8    2 4 5 7** |
| Place of Confinement : <br> SCI Graterford | Prisoner No.: <br> CA4529 | |
| Petitioner (include the name under which you were convicted) <br><br> Willie Veasy | Respondent (authorized person having custody of petitioner) <br><br> v.    Tammy Ferguson | |
| The Attorney General of the State of: Pennsylvania and District Attorney of Philadelphia | | |

**PETITION**

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

Philadelphia county Court of common Pleas, Philadelphia, Pennsylvania

(b) Criminal docket or case number (if you know):    CP-51-CR-641521-1992

2.    (a) Date of the judgment of conviction (if you know):    02/19/1993

(b) Date of sentencing:    09/28/1993

3.    Length of sentence:    Life imprisonment without the possibility of parole

4.    In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:    Second degree murder, possessing

instruments of crime, criminal conspiracy

6.    (a) What was your plea? (Check one)

☑ (1)    Not guilty    ☐ (3)    Nolo contendere (no contest)

☐ (2)    Guilty    ☐ (4)    Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury     ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☑ No

8.   Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:     Pennsylvania Superior Court

(b) Docket or case number (if you know):     3217 PHL 1993

(c) Result:     Conviction and sentence affirmed

(d) Date of result (if you know):     07/28/1994

(e) Citation to the case (if you know):     Not available

(f) Grounds raised:   Court erred in denying motion to suppress; prosecutor improperly argued evidence not

of record; prosecutor improperly commented on Mr. Veasy's failure to testify; prosecutor improperly

testified himself during closing argument; court erred in failing to instruct jury, that identification must be

proved beyond a reasonable doubt; court erred in alibi instruction; court erred in refusing to allow jurors to

review police statement of key eyewitness Denise Mitchell; Mr. Veasy's compelling evidence of innocence

required a new trial.

(g) Did you seek further review by a higher state court?   ☑ Yes     ☐ No

If yes, answer the following:

(1) Name of court:     Pennsylvania Supreme Court

(2) Docket or case number (if you know):     No. 0648 E.D. Allocatur Docket 1994

(3) Result:     Petition for allowance of appeal denied

AO 241 (Rev. 09/17)

    (4) Date of result (if you know):    11/17/1994

    (5) Citation to the case (if you know):    655 A.2d 988 (Table)

    (6) Grounds raised:

   (h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

  (a)  (1) Name of court:    Philadelphia County Court of Common Pleas

    (2) Docket or case number (if you know):    CP-51-CR-641521-1992

    (3) Date of filing (if you know):    01/22/1996

    (4) Nature of the proceeding:    Post-Conviction Relief Act Petition

    (5) Grounds raised:    Ineffective Assistance of Counsel

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☑ No

    (7) Result:

AO 241 (Rev. 09/17)

(8) Date of result (if you know):   06/03/1997

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:   Philadelphia County Court of Common Pleas

(2) Docket or case number (if you know):   CP-51-CR-641521-1992

(3) Date of filing (if you know):   01/14/2002

(4) Nature of the proceeding:   Post-Conviction Relief Act Petition

(5) Grounds raised:   Newly-discovered evidence in the form of a 2001 affidavit from key eyewitness

Denise Mitchell, in which she disavowed her trial testimony identifying Mr. Veasy as the

shooter in the murder of John Lewis and the wounding of Efraim Gonzalez.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:   Denied as untimely

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:   Philadelphia County Court of Common Pleas

(2) Docket or case number (if you know):   CP-51-CR-641521-1992

(3) Date of filing (if you know):   06/23/2017

(4) Nature of the proceeding:   Amended May 8, 2018. Post-Conviction Relief Act petition

(5) Grounds raised:   Newly-discovered evidence ; violation of federal due process rights; actual

innocence under the U.S. Constitution

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:    Currently pending

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☐ No

(2) Second petition:    ☑ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Mr. Veasy did not appeal the denial of his first PCRA petition because he did not understand his

appellate rights at that time. He has not appealed his third PCRA petition because that petition is pending

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

   **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   The Commonwealth of Pennsylvania's failure to disclose material, exculpatory evidence to Mr.

Veasy before his trial violated federal due process rights under Brady and its progeny, resulting in prejudice.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On May 12 and May 15, 2017, the Commonwealth disclosed material exculpatory information to Mr. Veasy for the

first time. Mr. Veasy was convicted of murdering John Lewis; the only person who identified him was Denise

Mitchell. Evidence disclosed on May 15, 2017 show that Mitchell told police several stories right after the murder

disclosing that people other than Mr. Veasy committed the murder. The May 12, 2017 disclosure revealed

documents from another homicide file (the Martinez murder) showing that John Lewis (the victim here) and some

witnesses to the Lewis murder were suspects in the Martinez murder.

(b) If you did not exhaust your state remedies on Ground One, explain why:   Mr. Veasy is currently exhausting this claim

in state court and requests that this petition be stayed while he does so.

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:    Mr. Veasy could not raise this issue in his

direct appeal because the evidence on which this claim is based was not disclosed to him until May 2017,

decades after his trial and direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes    ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Post-Conviction Relief Act Petition

Name and location of the court where the motion or petition was filed:    Philadelphia County Court of Common

Pleas

Docket or case number (if you know):    CP-51-CR-641521-1992

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):    Not yet decided

(3) Did you receive a hearing on your motion or petition?    ☐  Yes    ☑  No

(4) Did you appeal from the denial of your motion or petition?    ☐  Yes    ☑  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐  Yes    ☑  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know):    N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):    N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The issue has not yet been rasied on appeal because the claim is still pending at the trial court level

in Mr. Veasy's pending PCRA petition.

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:   N/A

---

**GROUND TWO:**        The new evidence shows Mr. Veasy is actually innocent undeer the U.S. Constitution, and his continued imprisonment violates his federal due process rights to be free from cruel/unusual punishment.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Veasy gave a confession to murdering Mr. Lewis that was extracted by detectives who have a history of involvement with false confessions, including Detective Martin Devlin. Since then, Mr. Veasy has always main-tained his innocence. At the time of Lewis's murder, Mr. Veasy was working at a Houlihan's Restaurant miles away from the crime scene. This is documented with time cards and by witness testimony. Denise Mitchell was the only witness to identify Mr. Veasy, and she has since disavowed that identification. The newly-disclosed evidence contradicts Mitchell's trial testimony identifying Mr. Veasy; it also shows that she and others told police of other people who actually committed this. It further shows that the victim and other witnesses themselves were suspects in a homicide that was unsolved at the time of Lewis's murder, potentially providing a motive for the shooting.

(b) If you did not exhaust your state remedies on Ground Two, explain why:   Mr. Veasy is currently exhausting this claim.

---

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   Mr. Veasy could not raise this issue on direct appeal because the exculpatory evidence on which this claim is based was not disclosed to him until May 2017, decades after his trial and direct appeal.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Post-Conviction Relief Act Petition

Name and location of the court where the motion or petition was filed:   Philadelphia County Court of Common Pleas

Docket or case number (if you know):   CP-51-CR-641521-1992

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):   Not yet decided _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                        ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?                   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   N/A _____

_____

Docket or case number (if you know):    N/A _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):       N/A _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Mr. Veasy has not raised this claim on appeal because it is still pending at the trial court level in his

PCRA petition.

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :   N/A _____

_____

_____

_____

**GROUND THREE:**        N/A

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**  N/A  _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❑  Yes        ❑  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❑  Yes        ❑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?      ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?   ☐ Yes   ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:   Mr. Veasy is currently in the process of exhausting the grounds for relief

presented herein through his Post-Conviction Relief Act petition that is currently pending in

the Philadelphia County Court of Common Pleas. He requests that this petition be stayed while

he continues to exhaust these claims.

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

No

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?   ☑ Yes   ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.   Veasy v. DiGuglielmo, 2:04-cv-02719 JCJ (E.D. Pa.) Federal

habeas petition filed June 21, 2004. Mr. Veasy claimed a miscarriage of justice based on the 2001

recantation of Denise Mitchell, the Commonwealth's only identification witness. On November 22, 2004,

Magistrate Judge Charles B. Smith recommended the petition be denied with prejudice as untimely. On

December 16, 2004, District Judge Curtis Joyner Dismissed the petition with prejudice for failure to

exhaust state remedies and denied a certificate of appealability. The report and recommendation and the

District Court's order are attached.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?   ☑ Yes   ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.   Commonwealth v. Veasy, CP-51-CR-641521-1992, Philadelphia County Court of Common

Pleas, Philadelphia, PA. Mr. Veasy's pending PCRA petition (filed in June 2017; amended in May 2018)

raises the federal due process and actual innocence claims raised herein, as well as a state law newly-

discovered evidence claim.

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:    Jules Epstein, Temple University Beasley School of Law, 1719 N. Broad Street,

Philadelphia, PA 19122

(b) At arraignment and plea:    See above

(c) At trial:    See above; Thurgood Matthews  also represented Mr. Veasy, Defender Association

of Philadelphia, 1441 Sansom Street, Philadelphia, PA 19102

(d) At sentencing:    See above; Thurgood Matthews  also represented Mr. Veasy, Defender Association

(e) On appeal:    See above; Thurgood Matthews  also represented Mr. Veasy, Defender Association

(f) In any post-conviction proceeding:    Michael G. Floyd, 2129 Winchester Road, Memphis, TN 38116,

first PCRA petition. Daniel Rendine, 1325 Spruce Street, Phila., PA: second PCRA Petition.

(g) On appeal from any ruling against you in a post-conviction proceeding:    No. In his current (third) PCRA

action, The Pennsylvania Innocence Priject and Dechert LLP represent Mr. Veasy.

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?         ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?         ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Mr. Veasy is filing this petition within one year of discovering new evidence of his innocence. He has

been diligent in seeking this new evidence.

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

 (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Discovery, vacation of conviction and sentence, and

grant of a new trial.

or any other relief to which petitioner may be entitled.

_____
James Figorski, Esq.
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on    _____    (month, date, year).

Executed (signed) on    05/05/2018    (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

AO 241 (Rev. 09/17)

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

#### Instructions

1.     To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.     You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.     Make sure the form is typed or neatly written.

4.     You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.     Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6.     You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7.     In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.     When you have completed the form, send the original and \_\_\_ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.     **CAUTION:** **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10.    **CAPITAL CASES:** **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**